**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0888-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TASHIMER C. GILLAM,
a/k/a/ TASHMER GILLIAM,
TYSHIMER GILLAM,
TASIMER GILAM, TASHIMA
GILLIAM, TASHEMIR
GILLIAM, and TAZ D. GOON,

    Defendant-Appellant.

_____

        Submitted January 31, 2022 – Decided February 10, 2022

        Before Judges Rothstadt and Mayer.

        On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 19-01-0039.

        Joseph E. Krakora, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Andre R. Araujo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Tashimer C. Gillam appeals from a September 24, 2019 judgment of conviction after pleading guilty to charges of hindering and certain persons not to have weapons. Defendant was sentenced to five years in prison on the hindering charge consecutive to ten years with a five-year parole bar on the certain persons charge. Defendant received 276 days of jail credits.

On appeal, defendant challenges the sentence imposed,[1] arguing the following points:

POINT I

> THIS COURT SHOULD REMAND FOR RESENTENCING BECAUSE THE TRIAL COURT DID NOT EXPLICITLY FIND THAT THE AGGREGATE SENTENCE WAS FAIR AS REQUIRED BY STATE v. TORRES, [246 N.J. 246 (2021)].

POINT II

> ADDITIONALLY, THIS COURT SHOULD REMAND FOR RESENTENCING FOR THE COURT TO CONSIDER THE YOUTH MITIGATING FACTOR, "THE DEFENDANT WAS UNDER 26 AT

---

[1] With the consent of counsel, on June 7, 2021, we transferred this matter from a sentencing oral argument calendar to a plenary calendar.

THE TIME OF THE COMMISSION OF THE OFFENSE." N.J.S.A. 2C:44-l(b)(14). THE JUDGMENT OF CONVICTION SHOULD ALSO BE CORRECTED TO PROVIDE FOR AN ADDITIONAL 70 DAYS OF JAIL CREDITS FROM OCTOBER 2, 2018, TO OCTOBER 15, 2018, AND FROM JULY 19, 2019, TO SEPTEMBER 13, 2019.

We review a judge's sentencing decision for abuse of discretion. State v. Jones, 232 N.J. 308, 318 (2018). When reviewing "consecutive-versus-concurrent sentencing," we "employ the general shock-the-conscience standard for review of the exercise of sentencing discretion . . . ." State v. Torres, 246 N.J. 246, 272 (2021).

While this appeal was pending, our Supreme Court issued its decision in Torres. In Torres, the Court reiterated Yarbough[2] requires sentencing judges to place on the record a statement of reasons for imposing consecutive sentences. Torres, 246 N.J. at 264-66. The Court held sentencing judges must include "[a]n explicit statement, explaining the overall fairness of a sentence imposed on a defendant . . . ." Id. at 268 (citing State v. Miller, 108 N.J. 112, 122 (1987)).

Here, defendant is not questioning the sentencing judge's assessment of the Yarbough factors. Rather, defendant challenges the judge's omission of a statement addressing the overall fairness of the consecutive sentences imposed.

---

[2] State v. Yarbough, 100 N.J. 627 (1985).

A-0888-20

Based on our review of the sentencing transcript, we agree that Torres requires a remand to the sentencing judge to provide "[a]n explicit statement, explaining the overall fairness" of the sentences imposed. Ibid.

However, we reject defendant's request that we instruct the remand judge to consider N.J.S.A. 2C:44-1(b)(14), a new mitigating factor for crimes committed by person under the age of twenty-six. We are not remanding for resentencing. Our remand is for the limited purpose of allowing the sentencing judge to explicitly address the fairness of the consecutive sentences imposed.

Since we are remanding to the sentencing court for an explicit statement of the overall fairness of the consecutive sentences, defendant may raise the issue of his entitlement to correction of the jail credits awarded during the limited remand proceeding.

Based on the foregoing, we remand the matter to the sentencing judge limited to providing an explicit statement of the overall fairness in imposing consecutive sentences and confirmation of the awarded jail credits.

Remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0888-20